# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10199
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 11, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JEFFREY ALAN BREVICK,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:05-CR-195-14

Before BARKSDALE, GRAVES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se*, Jeffrey Alan Brevick contests the denial of his *pro se* 18 U.S.C. § 3582(c)(2) motion to reduce his 262-month sentence, imposed following his conviction for conspiracy to possess, with intent to distribute, and to distribute, more than 50 grams of pure methamphetamine. His motion is based on the retroactive provisions of Amendment 782 to the Sentencing Guidelines, which "redesignated U.S.S.G. § 2D1.1(c)(3) as § 2D1.1(c)(4) and

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

lowered the offense level for the commission of the offenses listed therein from 34 to 32". *United States v. Benitez*, 822 F.3d 807, 809 n.1 (5th Cir. 2016); *see* U.S.S.G. § 1B1.10; U.S.S.G. § 2D1.1(c); *see also Dillon v. United States*, 560 U.S. 817, 826 (2010).

A district court has the discretion, not the obligation, to reduce a sentence under § 3582(c)(2). *United States v. Evans*, 587 F.3d 667, 672–73 (5th Cir. 2009). "This court reviews a district court's decision whether to reduce a sentence pursuant to § 3582(c)(2) for abuse of discretion, . . . its interpretation of the Guidelines *de novo* and findings of fact for clear error." *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011) (internal quotation marks and citation omitted). A court abuses its discretion if it rules based on erroneous factual findings or legal conclusions. *Id.* And, if a district court, in the exercise of its discretion, "fails to consider the factors as required by law, it also abuses its discretion". *United States v. Larry*, 632 F.3d 933, 936 (5th Cir. 2011).

Brevick claims the court failed to adequately explain its reasons for denying his motion. If the record reflects the court duly considered it as a whole and explicitly or implicitly considered the 18 U.S.C. § 3553(a) sentencing factors, no abuse of discretion is shown. *See United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995). In this instance, the court noted that it considered the drug quantities attributed to Brevick, as well as "all other factors the court should consider in determining an appropriate sentence in the light of Amendment 782", and concluded a sentence reduction was "not warranted". There was no abuse of discretion.

Second, Brevick contends the court failed to provide a full explanation for its drug-weight findings at his original sentencing. This issue is untimely; Brevick may not use a § 3582(c)(2) motion to relitigate the amount of drugs

attributed to him in the presentence investigation report (PSR) or at sentencing. *United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011).

Third, Brevick asserts the court should have provided him a copy of the new PSR prepared in response to his § 3582(c)(2) motion. The court's failure to provide Brevick a copy of the probation officer's eligibility worksheet is harmless in the light of the court's ruling Brevick did not warrant a sentence reduction under the § 3553(a) factors.

For the final issues, Brevick contends:  the court ignored evidence of his post-sentencing rehabilitation; failed to properly consider the § 3553(a) factors; and created unwarranted sentencing disparities, given the number of inmates whose motions have been granted.  "[T]hat the court did not mention the § 3553(a) factors when it summarily reduced [a defendant's] sentence does not mean that it did not consider them".  *Evans*, 587 F.3d at 673.  Nor was the court required to provide a detailed explanation of its decision to deny Brevick's motion based on those factors.  *Id.* at 674.  Brevick attached documentation of his post-sentencing rehabilitation to his motion; that information was before the court when it made its decision.  And, the record reflects sufficient consideration of Brevick's post-sentencing rehabilitative conduct.  *See id.* at 672–73 (rejecting a contention that the court erred by failing to credit defendant's post-sentencing record of rehabilitation, because defendant's contentions were before the court).  Finally, the reduction of other sentences does not establish the denial of Brevick's motion creates unwarranted sentencing disparities.  *See United States v. Smith*, 595 F.3d 1322, 1323 (5th Cir. 2010) ("simply no basis" "that denying a reduction . . . ignores the 'compelling need' to address sentencing disparities").

AFFIRMED.