# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 15-11063
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
November 10, 2016

Lyle W. Cayce
Clerk

————

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

HECTOR RAMOS, also known as John Gotti,

Defendant–Appellant.

————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CR-96-51

————

Before JONES, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:*

Hector Ramos, federal prisoner # 43270-177, moves for leave to proceed

————

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-11063

*in forma pauperis* ("IFP") on appeal of the denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) in light of Amendment 782 to the Sentencing Guidelines. The district court denied the motion on the ground that in his plea agreement, Ramos had expressly waived his right to seek any further reduction based on a change in the guidelines or statutory law. The court denied Ramos's motion to proceed IFP on appeal and certified that the appeal was not taken in good faith. By moving for IFP status, Ramos is challenging that certification. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Regarding Ramos's claim that the district court did not provide written reasons, the court stated that it had determined that the appeal was frivolous based on the reasons it had given for denying the motion for reduction. Thus, the order was sufficient. *See Baugh*, 117 F.3d at 202 n.21.

Ramos challenges the district court's determination that, as part of his Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement, he had waived his right to file a motion to reduce his sentence pursuant to § 3582(c)(2). He contends that he was eligible for the reduction despite the fact that his sentence was based on a stipulated sentence in the plea agreement that was accepted by the district court.

The decision whether to reduce a sentence under § 3582(c)(2) is reviewed for abuse of discretion, and the court's interpretation of the guidelines is reviewed *de novo*. *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011). We may affirm on any basis supported by the record. *See Sojourner T v. Edwards*, 974 F.2d 27, 30 (5th Cir. 1992).

No. 15-11063

Section 3582(c)(2) provides that a sentence may be modified if he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." U.S.S.G. § 1B1.10(a)(2)(B); *see also United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009). Even if the waiver did not bar Ramos's motion, he was not eligible for relief.

The Rule 11(c)(1)(C) plea agreement did not provide that Ramos was to be sentenced within a particular guideline range, did not provide for a specific term of imprisonment that was based upon a sentencing guidelines range applicable to the offense, and did not set forth a range for determining the sentence. *See Freeman v. United States,* 564 U.S. 522, 535–40 (2011) (Sotomayor, J., concurring); *United States v. Benitez,* 822 F.3d 807, 811 (5th Cir. 2016). In fact, the agreement provided that "[o]ther than the agreed term of imprisonment, the Court remains free to determine the sentence it deems appropriate, under the advisory United States Sentencing Guidelines."

The court advised the parties that it would not be entertaining any objections to the range identified in the presentence report, indicating that it was relying on the stipulated sentence rather than the calculated range. The sentence was not based on the quantity of drugs involved in the offense or on the advisory guideline range; therefore, Ramos was not eligible for a reduction under § 3582(c)(2) based on Amendment 782. In other words, the amendment did not have the effect of lowering the applicable range, because the sentence was derived from the plea agreement. *See* U.S.S.G. § 1B1.10(a)(2)(B).

The appeal does not involve "legal points arguable on their merits (and therefore not frivolous)." *See Howard*, 707 F.2d at 220. The motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at n.24; 5TH CIR. R. 42.2.