# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40037
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 14, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARKUS DWAYNE CHOPANE,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:10-CR-56-1

Before BENAVIDES, SOUTHWICK, and COSTA, Circuit Judges.

PER CURIAM:[*]

Markus Dwayne Chopane, federal prisoner # 05662-078, is serving a 180-month term of imprisonment for possession with intent to distribute 50 grams or more of cocaine base. He appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion, in which he sought a sentence reduction pursuant to the Fair Sentencing Act (FSA) and Amendment 750 to U.S.S.G. § 2D1.1. Chopane argues that although he was sentenced pursuant to a Federal Rule of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Criminal Procedure 11(c)(1)(C) plea agreement, the record reflects that the district court considered the applicable sentencing range under the Sentencing Guidelines, the 18 U.S.C. § 3553(a) factors, and the plea agreement in determining the appropriate sentence.  He further asserts that the district court had the discretion to reduce his sentence in view of *Freeman v. United States*, 131 S. Ct. 2685 (2011).

Section 3582(c)(2) permits the discretionary modification of a defendant's sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)."  § 3582(c)(2); *see United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009).  The district court's decision whether to reduce a sentence under § 3582(c)(2) is reviewed for an abuse of discretion, and its interpretation of the Guidelines is reviewed de novo.  *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011).

Chopane was sentenced pursuant to a Rule 11(c)(1)(C) plea agreement to 180 months of imprisonment and five years of supervised release.  The plea agreement did not expressly state that the sentence would be determined pursuant to the Sentencing Guidelines and the 180-month sentence was not based on the advisory guidelines range.  The district court accepted the plea agreement and sentenced Chopane in accordance with it.  Because Chopane's sentence was not derived from the quantity of cocaine involved in the offense under the Guidelines, the district court had no authority to reduce Chopane's sentence under § 3582(c)(2).  *See* U.S.S.G. § 1B1.10(a)(2)(B); *Dillon v. United States*, 560 U.S. 817, 826-27 (2010).  The district court did not have discretion to reduce Chopane's sentence under *Freeman* because the plea agreement did not expressly state that the sentence would be determined pursuant to the Sentence Guidelines, and the sentence specified by the agreement was not

No. 14-40037

based on the applicable advisory guidelines range. *See Freeman*, 131 S. Ct. at 2699-2700 (Sotomayor, J., concurring). Therefore, the district court did not abuse its discretion in denying Chopane's § 3582(c)(2) motion. *See Henderson*, 636 F.3d at 717.

AFFIRMED.