# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41160
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 9, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROGELIO BENITEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:

Pursuant to a plea agreement, Rogelio Benitez, federal prisoner # 83711-279, pleaded guilty to possession with the intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1). He was sentenced to 63 months of imprisonment and four years of supervised release. In his plea agreement, the parties stipulated pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that an appropriate sentence in the case was 63 months of imprisonment. The parties also stipulated that Benitez possessed more than 15 kilograms but less than 50 kilograms of cocaine, and that his base offense

No. 15-41160

level was 34 pursuant to U.S.S.G. § 2D1.1(c)(3),[1] subject to a potential three level reduction for acceptance of responsibility pursuant to § 3E1.1. Consistent with the plea agreement, in the final presentence report (PSR), the probation officer determined Benitez was personally responsible for 20 kilograms of cocaine, which triggered a base offense level of 34, which was reduced by three levels for acceptance of responsibility and assistance to authorities. Thus, the probation officer determined that Benitez's total offense level was 31. With a criminal history category of II, the probation officer determined Benitez's advisory guideline sentencing range was 121-151 months of imprisonment.

Benitez did not object to the PSR, and the district court adopted the PSR without change. The district court also accepted the plea agreement and sentenced Benitez to 63 months of imprisonment. On March 2, 2015, Benitez filed the instant pro se motion for a sentence reduction under § 3582(c)(2) based on the retroactive Amendment 782 to the Sentencing Guidelines. In his motion, he argued that the district court, in calculating his sentence, referred to the offense levels for controlled substances set forth in the Drug Quantity Table in § 2D1.1(c). Because Amendment 782 applies retroactively, *see* § 1B1.10(d), and could have the effect of reducing his offense level, Benitez argued that he was entitled to a reduction in his sentence from 63 months to 51 months. Benitez also argued that it was his "belief that his sentence was not based" upon the parties' stipulated 63-month sentence set forth in his Rule 11(c)(1)(C) plea agreement. The district court denied the motion, finding that Benitez's "[s]entence was imposed pursuant to a binding 11(c)(1)(C) plea

---

[1] Effective November 1, 2015, Amendment 782 to the Sentencing Guidelines redesignated U.S.S.G. § 2D1.1(c)(3) as § 2D1.1(c)(4) and lowered the offense level for the commission of the offenses listed therein from 34 to 32. *See* United States Sentencing Commission, Guidelines Manual, Supp. to Appendix C, Amendment 782, p. 65 (Nov. 1, 2015).

agreement, which was not related to substantial assistance, and which was well below the guideline range."

On appeal, Benitez argues that he is entitled to a reduction in his sentence from 63 months to 43 months under § 3582(c)(2), based on the retroactive effect of Amendment 782. Citing *Freeman v. United States*, 131 S. Ct. 2685 (2011), Benitez argues that, although the district court sentenced him to the 63-month sentence stipulated in his Rule 11(c)(1)(C) plea agreement, his sentence "was based on the guidelines." In support, Benitez avers that "[i]n the agreement, the parties agree that the base offense level is 34; that no other specific offense characteristics apply; that the government will recommended [*sic*] the three level reduction for acceptance of responsibility . . . ; and that no other Chapter 3 adjustments apply." Benitez further avers that these provisions provide "more than enough detail for the court to rationally infer that the guideline range was used in determining the agreed-on sentence."

The Government argues that the district court did not abuse its discretion in denying Benitez's § 3582(c)(2) motion. The Government contends that Benitez pleaded guilty pursuant to a Rule 11(c)(1)(C) agreement which "did not state, or even imply, that the agreed-upon sentence was to be calculated under a sentencing guideline range." The Government asserts that because Benitez's stipulated sentence of 63 months was not tied to a guidelines range, Benitez is not entitled to a sentence reduction under Amendment 782.

Section 3582(c)(2) provides that a defendant's sentence may be modified if he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." § 3582(c)(2); *see United States v. Doublin*, 572 F.3d 235, 237 (2009). Section 3582(c)(2) applies only to retroactive guidelines amendments as set forth in

§ 1B1.10(a). *See Dillon v. United States*, 560 U.S. 817, 826 (2010).  Amendment 782 applies retroactively.  *See* § 1B1.10(d).  The Supreme Court has prescribed a two-step inquiry for a district court that is considering a § 3582(c)(2) motion. *Dillon*, 560 U.S. at 826.  The district court must first determine whether the defendant is eligible for a sentence reduction under § 1B1.10 and then may proceed to consider whether a reduction is warranted in whole or in part under 18 U.S.C. § 3553(a)'s sentencing factors.  *Dillon*, 560 U.S. at 826-27.  However, a defendant is not eligible for a reduction under § 3582(c)(2) if a qualifying amendment "does not have the effect of lowering the defendant's applicable guideline range."  § 1B1.10(a)(2)(B); *see also* § 1B1.10, cmt. n.1(A).

This court reviews a district court's decision "whether to reduce a sentence pursuant to . . . § 3582(c)(2) for abuse of discretion, . . . its interpretation of the Guidelines *de novo*, and its findings of fact for clear error." *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011) (internal quotation marks and citation omitted).  "A court abuses its discretion when the court makes an error of law or bases its decision on a clearly erroneous assessment of the evidence.  When a court in applying its discretion fails to consider the factors as required by law, it also abuses its discretion."  *United States v. Larry*, 632 F.3d 933, 936 (5th Cir. 2011) (internal quotation marks and citation omitted).

In *Freeman*, the Supreme Court considered whether a defendant who pleads guilty in exchange for a specific sentence under a Rule 11(c)(1)(C) plea agreement is eligible for a sentence reduction.  *Freeman*, 131 S. Ct. at 2692-95. A plurality of the Court concluded that § 3582 "modification proceedings should be available to permit the district court to revisit a prior sentence to whatever extent the sentencing range in question was a relevant part of the analytic

No. 15-41160

framework the judge used to determine the sentence or to approve the agreement." *Id.* at 2692-93 (plurality opinion).

There is no majority opinion in *Freeman*. The general rule for ascertaining the holding of a case in which there is no majority opinion is that "the holding of the Court may be viewed as that position taken by those Members who concurred in the judgment[] on the narrowest grounds." *Marks v. United States*, 430 U.S. 188, 193 (1977) (internal quotation marks and citation omitted). In an opinion that did not involve a Rule 11(c)(1)(C) agreement, this court observed that "Justice Sotomayor's concurring opinion is widely considered to express the holding in *Freeman*, as the narrowest grounds on which a majority of the Court agreed in reaching its judgment." *United States v. Banks*, 770 F.3d 346, 351 n.4 (5th Cir. 2014). We previously employed Justice Sotomayor's approach in an unpublished opinion. *United States v. Chopane*, 603 F. App'x 325, 326 (5th Cir.), *cert. denied*, 136 S. Ct. 268 (2015). Today, we explicitly adopt Justice Sotomayor's concurring opinion in *Freeman*, and hold that it establishes the criteria in this circuit for determining whether the sentence of a defendant who pleads guilty pursuant to a Rule 11(c)(1)(C) plea agreement is "based on a sentencing range that has been lowered by the Sentencing Commission." § 3582(c)(2).

According to Justice Sotomayor, "it is the binding plea agreement that is the foundation for the term of imprisonment" under a Rule 11(c)(1)(C) agreement, not the district court's guidelines calculations, and "[a]t the moment of sentencing, the court simply implements the terms of the agreement it has already accepted." *Id.* at 2696 (Sotomayor, J., concurring). That is so even though "the parties to a [Rule 11(c)(1)(C)] agreement may have considered the Guidelines in the course of their negotiations." *Id.* at 2697. Nevertheless, Justice Sotomayor recognized that a sentence imposed under a

5

Rule 11(c)(1)(C) plea agreement might be eligible for reduction under § 3582(c)(2) where the agreement: (i) calls "for the defendant to be sentenced within a particular Guidelines sentencing range;" (ii) provides "for a specific term of imprisonment—such as a number of months—but also make clear that the basis for the specified term is a Guidelines sentencing range applicable to the offense to which the defendant pleaded guilty;" or (iii) "explicitly employs a particular Guidelines sentencing range to establish the term of imprisonment." *Id.* at 2697-98. Justice Sotomayor's holding is generally consistent with prior precedent of this court. *See United States v. Thornton*, 609 F.3d 368, 373 (5th Cir. 2010) (holding that sentence was not "based on" Guidelines where Rule 11(c)(1)(C) plea agreement "never stated that the stipulated sentence depended on, or was even connected to, the applicable sentencing range," and there was no indication that the "district court based its [sentencing] decision on a guideline calculation").

In this case, Benitez's plea agreement did not call for him (i) "to be sentenced within a particular Guidelines sentencing range;" (ii) provide "for a specific term of imprisonment" based on "a Guidelines sentencing range applicable to the [subject] offense;" or (iii) "explicitly employ[] a particular Guidelines sentencing range to establish [Benitez's] term of imprisonment." *See Freeman*, 131 S. Ct. at 2697-98 (Sotomayor, J., concurring). Rather, the agreement merely recognized that Benitez's base offense level would be 34 because of the amount of cocaine that he possessed, and that he might be eligible for a reduction for acceptance of responsibility under § 3E1.1. The parties stipulated that a sentence of 63 months was appropriate, and nothing in the record tethers that sentence to either the quantity of cocaine involved in the offense or the corresponding advisory guideline range of 121-151 months of imprisonment. Because Benitez's sentence was not "based on" the quantity

No. 15-41160

of cocaine involved or the advisory guideline range, the district court had no authority to reduce it under § 3582(c)(2). *See* § 1B1.10(a)(2)(B). Therefore, the district court did not abuse its discretion in denying Benitez's § 3582(c)(2) motion. *See Henderson*, 636 F.3d at 717. Accordingly, the district court's judgment is AFFIRMED.