# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-51145
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 15, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TWAYLER VALERIA NEWSOME,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 1:12-CR-298-1

Before JOLLY, DAVIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Twayler Valeria Newsome has moved for leave to proceed in forma pauperis (IFP) to appeal the denial of her motion for a reduction of his sentence for possession with intent to distribute cocaine base. *See* 18 U.S.C. § 3582(c)(2). The district court denied her leave to proceed IFP on the ground that her appeal is not taken in good faith and is frivolous. By moving for leave to proceed IFP, Newsome has challenged the district court's certification that her

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-51145

appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into Newsome's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

Section 3582(c)(2) permits a sentence modification for a defendant that was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." In the two-step process for considering a § 3582(c)(2) motion, the first issue is whether the movant is eligible for a sentence reduction and then whether a reduction "is warranted in whole or in part under the particular circumstances of the case." *Dillon v. United States*, 560 U.S. 817, 827 (2010).

Newsome challenges the district court's conclusion that she is ineligible for a sentence reduction on the ground that her sentence was based on a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) rather than a subsequently lowered guideline range. A defendant whose sentence was "imposed under a Rule 11(c)(1)(C) plea agreement might be eligible for a reduction under § 3582(c)(2) where the agreement: (i) calls 'for the defendant to be sentenced within a particular Guidelines sentencing range;' (ii) provides 'for a specific term of imprisonment—such as a number of months—but also make clear that the basis for the specified term is a Guidelines sentencing range applicable to the offence to which the defendant pleaded guilty;' or (iii) 'explicitly employs a particular Guidelines sentencing range to establish a term of imprisonment.'" *United States v. Benitez*, ___ F.3d ___, 2016 WL 1640567, 3 (5th Cir. May 9, 2016) (quoting *Freeman v. United States*, 564 U.S. 522, 538-40 (2011) (Sotomayor, J., concurring)).

No. 15-51145

Newsome's plea agreement did not call for her (i) to be sentenced within a particular sentencing range; (ii) provide for a specific term of imprisonment that was based on a sentencing range applicable to her offense; or (iii) explicitly employ any particular range for determining her sentence. *See Benitez*, 2016 WL 1640567 at 3. The agreement does not reference any particular sentencing range or offense level. Moreover, the parties stipulated to a sentence of 108 months, and there is nothing tethering that sentence to the drug quantity involved in the offense or to the corresponding guideline range of 84 to 105 months of imprisonment. The only basis for the upward departure that is apparent from the record is the district court's reference in its statement of reasons to the binding plea agreement that had been accepted by the court. *See* FED. R. CRIM. P. 11(c)(1)(C). Because Newsome's sentence was not "based on" the drug quantity involved in the offense or the advisory guideline range, she was not eligible for a sentence reduction under § 3582(c)(2). *See* U.S.S.G. § 1B1.10(a)(2)(B). Thus, the district court did not abuse its discretion by denying the § 3582(c)(2) motion. *See United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011). This appeal does not involve "legal points arguable on their merits (and therefore not frivolous)." *See Howard*, 707 F.2d at 220.

Accordingly, IT IS ORDERED that Newsome's IFP motion is DENIED, and the appeal is DISMISSED AS FRIVOLOUS. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.