# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-51238
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 26, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RICKY GONZALES, also known as "Gonzo,"

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:11-CR-49-3

Before CLEMENT, PRADO, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:[*]

Ricky Gonzales, federal prisoner # 71161-280, moves for leave to proceed in forma pauperis (IFP) on appeal from the denial of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) in light of Amendment 782 to the Sentencing Guidelines. The district court denied his IFP motion and certified that his appeal was not taken in good faith. By moving for IFP status, he is challenging the district court's certification decision. *See Baugh v. Taylor*, 117

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-51238

F.3d 197, 202 (5th Cir. 1997).  Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Gonzales contests the district court's conclusion that he is ineligible for a sentence reduction because his sentence was based on a stipulated sentence set forth in a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), rather than the applicable guidelines range.  He maintains that he was eligible for relief under § 3582(c)(2) despite the stipulated sentence and that the district court erred by not considering his eligibility for a reduction.

The Rule 11(c)(1)(C) plea agreement in this case did not call for Gonzales to be sentenced within a particular sentencing range, provide for a specific term of imprisonment that was based upon a sentencing range applicable to the offense, or set forth a guidelines range for determining his sentence.  *See United States v. Benitez*, 822 F.3d 807, 811–12 (5th Cir. 2016) (citing *Freeman v. United States*, 564 U.S. 522, 538–40 (2011) (Sotomayor, J., concurring)).  The plea agreement did not refer to a sentencing range or offense level, and there is nothing connecting the stipulated sentence to the drug quantity involved in the offense or the guidelines sentencing range.  Thus, Gonzales's sentence was not based on the quantity of drugs involved in the offense or the advisory guidelines range, and he was therefore ineligible for a reduction in sentence under § 3582(c)(2) based on Amendment 782.  In other words, the amendment did not have the effect of lowering Gonzales's applicable guideline range because his sentence was derived from the plea agreement.  *See* U.S.S.G. § 1B1.10(a)(2)(B).

Accordingly, the district court did not abuse its discretion by denying the § 3582(c)(2) motion.  *See United States v. Henderson*, 636 F.3d 713, 717 (5th

No. 15-51238

Cir. 2011).  Gonzales's appeal does not involve "legal points arguable on their merits (and therefore not frivolous)."  *See Howard*, 707 F.2d at 220.  The motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous.  *See Baugh*, 117 F.3d at n.24; 5TH CIR. R. 42.2.