# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41730
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 10, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSHUA SIMMONS,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:07-CR-189-1

Before BENAVIDES, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Joshua Simmons, federal prisoner # 14633-078, pleaded guilty in 2008 to conspiracy to distribute and to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846. He appeals the denial of his motion for a reduction of his sentence under 18 U.S.C. § 3582(c)(2).

Section 3582(c)(2) permits the discretionary modification of a defendant's sentence "in the case of a defendant who has been sentenced to a term of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-41730

imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." § 3582(c)(2); *see United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009). The district court's decision whether to reduce a sentence under § 3582(c)(2) is reviewed for an abuse of discretion, with guideline interpretations reviewed de novo, and findings of fact for clear error. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).

Simmons challenges the district court's conclusion that he is ineligible for a sentence reduction on the ground that his sentence was based on a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) rather than a subsequently lowered guidelines range. A defendant whose sentence was

> imposed under a Rule 11(c)(1)(C) plea agreement might be eligible for a reduction under § 3582(c)(2) where the agreement: (i) calls 'for the defendant to be sentenced within a particular Guidelines sentencing range;' (ii) provides 'for a specific term of imprisonment—such as a number of months—but also make clear that the basis for the specified term is a Guidelines sentencing range applicable to the offence to which the defendant pleaded guilty;' or (iii) 'explicitly employs a particular Guidelines sentencing range to establish a term of imprisonment.'

*United States v. Benitez*, 822 F.3d 807, 811 (5th Cir. 2016) (quoting *Freeman v. United States*, 564 U.S. 522, 538-40 (2011) (Sotomayor, J., concurring)).

The plea agreement did not call for Simmons (i) to be sentenced within a particular sentencing range; (ii) provide for a specific term of imprisonment that was based on a sentencing range applicable to his offense; or (iii) explicitly employ any particular range for determining his sentence. *See Benitez*, 822 F.3d at 811. The agreement does not reference any particular sentencing range or offense level. The parties stipulated to a sentence of 240 months, and there is nothing in the plea agreement tethering that sentence to the drug quantity involved in the offense or to the guidelines range. The only basis for the

upward departure in the record is the district court's reference in its statement of reasons to the binding plea agreement accepted by the court. Because Simmons's sentence was not "based on" the drug quantity involved in the offense or the advisory guidelines range, he was not eligible for a sentence reduction under § 3582(c)(2). *See* U.S.S.G. § 1B1.10(a)(2)(B). Thus, the district court did not abuse its discretion by denying his § 3582(c)(2) motion. *See Benitez*, 822 F.3d at 812.

AFFIRMED.