# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50052
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 15, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN SAUCEDO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:12-CR-782-1

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

Juan Saucedo, federal prisoner # 94402-280, appeals the district court's denial of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) in view of Amendment 782 to the Sentencing Guidelines. He asserts that the district court abused its discretion in denying his § 3582(c)(2) motion based on the recommended sentence in the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). He maintains that he was eligible for relief

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

under § 3582(c)(2) despite the stipulated sentence because the district court did not accept the plea agreement and thus that the district court erred by not considering his eligibility for a reduction.

Saucedo seizes upon a transcription error in the sentencing transcript in support of his claim that the district court did not accept the plea agreement. The record, however, confirms that Saucedo was indeed sentenced in accordance with the plea agreement. Although his calculated guidelines range was 120 to 135 months of imprisonment, the district court departed upward to 180 months in accordance with the stipulation in the plea agreement.

The Rule 11(c)(1)(C) plea agreement in this case did not call for Saucedo to be sentenced within a particular sentencing range, provide for a specific term of imprisonment that was based upon a sentencing range applicable to the offense, or set forth a guidelines range for determining his sentence. *See United States v. Benitez*, 822 F.3d 807, 811-12 (5th Cir. 2016) (citing *Freeman v. United States*, 564 U.S. 522, 538-40 (2011) (Sotomayor, J., concurring)). The plea agreement did not refer to a sentencing range or offense level, and there is nothing connecting the stipulated sentence to the drug quantity involved in the offense or the guidelines sentencing range. Thus, Saucedo's sentence was not based on the quantity of drugs involved in the offense or the advisory guidelines range; therefore, he was not eligible for a reduction in sentence under § 3582(c)(2) based upon Amendment 782. In other words, the amendment did not have the effect of lowering Saucedo's applicable guideline range because his sentence was derived from the plea agreement. *See* U.S.S.G. § 1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment . . . is not authorized under 18 U.S.C. § 3582(c)(2) if" the amendment "does not have the effect of lowering the defendant's applicable guideline range."). Therefore, the district court did not abuse its discretion in denying Saucedo's § 3582(c)(2)

No. 16-50052

motion.  *See Benitez*, 822 F.3d at 811-12; *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011).

In addition, Saucedo argues that the district court violated Federal Rule of Criminal Procedure 11 and failed to appoint an interpreter.  His challenges to his conviction are not cognizable in a § 3582(c)(2) motion.  *See United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009).

Accordingly, the district court's judgment is affirmed.  Saucedo's motion to strike filing and for summary disposition is denied.

AFFIRMED; MOTION DENIED.