# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-40571
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 9, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

FELIX RAMIREZ,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:11-CR-37-1

Before BARKSDALE, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Felix Ramirez, federal prisoner # 21662-078 and proceeding *pro se* on appeal, is serving an 87-month sentence for conspiring to possess, with the intent to manufacture and distribute, methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. He contests the denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the United States Sentencing Guidelines, which lowered base-offense levels in the drug

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

quantity table in Guideline § 2D1.1(c).   Citing *Freeman v. United States*, Ramirez contends the district court erred in finding him ineligible for a sentence reduction because he was sentenced pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement.  564 U.S. 522, 530 (2011).

We review a decision "whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2) for abuse of discretion, . . . its interpretation of the Guidelines *de novo*, and its findings of fact for clear error".  *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011) (internal quotation marks and citation omitted).  "A court abuses its discretion when the court makes an error of law or bases its decision on a clearly erroneous assessment of the evidence. When a court in applying its discretion fails to consider the factors as required by law, it also abuses its discretion." *United States v. Larry*, 632 F.3d 933, 936 (5th Cir. 2011) (internal quotation marks and citation omitted).

Section 3582(c)(2) grants a district court discretion to modify a defendant's sentence if he "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission".  18 U.S.C. § 3582(c)(2).  But, a defendant sentenced pursuant to a Rule 11(c)(1)(C) plea agreement may be eligible for a § 3582(c)(2) reduction only if "the agreement itself employs the particular Guideline sentencing range applicable to the charged offenses in establishing the term of imprisonment".  *Freeman*, 564 U.S. at 540 (Sotomayor, J., concurring).

Ramirez' plea agreement does not call for him:  to be sentenced within a particular Guidelines range; to be sentenced to a term of imprisonment based on a Guidelines range applicable to the offense; or to be sentenced based on a particular Guidelines range used to establish the prison term.  *See United States v. Benitez*, 822 F.3d 807, 811 (5th Cir. 2016).   Therefore, because Ramirez' Rule 11(c)(1)(C) sentence was not based on a sentencing range

No. 16-40571

lowered by Amendment 782, the court lacked authority to reduce his sentence under § 3582(c)(2). *See Freeman*, 564 U.S. at 538–40; *Benitez*, 822 F.3d at 812.

AFFIRMED.