# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-40572
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 10, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ARNOLDO HAREDIA PULIDO, also known as "Juanito",

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:12-CR-161-2

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Arnoldo Haredia Pulido appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion seeking a reduction of his 168-month sentence for conspiring to possess with the intent to manufacture or distribute 500 grams or more of a mixture containing methamphetamine or 50 grams or more of actual methamphetamine. Pulido argues that the district court erred by relying upon the miscalculated quantity of drugs attributed to him at his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

original sentencing.    Pulido explains that, had the 5.96 kilogram methamphetamine mixture in question been allowed to dry completely, the total weight would have been five percent lower and the amount of actual methamphetamine would have been only 4.4163 kilograms, making him eligible for a sentence reduction under Amendment 782 to the U.S.S.G. § 2D1.1(c) drug quantity table.

This court reviews the district court's decision whether to reduce a sentence under § 3582(c)(2) for abuse of discretion, its interpretation of the sentencing guidelines de novo, and its findings of fact for clear error.  *United States v. Benitez*, 822 F.3d 807, 810-11 (5th Cir. 2016).  "[A] defendant is not eligible for a reduction under § 3582(c)(2) if a qualifying amendment 'does not have the effect of lowering the defendant's applicable guideline range.'"  *Id.* at 810 (quoting U.S.S.G. § 1B1.10(a)(2)(B)).

In the instant case, the 4.648 kilograms of actual methamphetamine for which Pulido was held accountable trigger the highest base offense level of 38 under the drug quantity table as revised by Amendment 782.  *See* § 2D1.1(c)(1) (applying a base offense level of 38 to quantities of actual methamphetamine of 4.5 kilograms or more).  Since Pulido's original base offense level was likewise 38, the application of Amendment 782 does not have the effect of lowering Pulido's original advisory guideline range.  *See Benitez*, 822 F.3d at 810.  The district court thus did not abuse its discretion in concluding that Pulido was not eligible for any sentence modification.  *See id.* at 810-11; *see, e.g., United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011) (holding that district court did not abuse its discretion in denying § 3582(c)(2) motion where it had adopted PSR's drug quantity calculation, which exceeded the threshold for the highest base offense level even after Amendment 782).

No. 16-40572

Moreover, this § 3582(c)(2) proceeding is not the appropriate vehicle for Pulido to relitigate a sentencing issue or raise a general challenge to the propriety of his original sentence. See *id.* at 712 (stating that a modification proceeding "is not the forum for a collateral attack on a sentence long since imposed"). Pulido did not pursue a direct appeal challenging the drug quantity attributed to him, and his efforts to relitigate the drug quantity determination "are not cognizable at this stage." *See id.* The district court's judgment denying Pulido's § 3582(c)(2) motion for a sentence reduction is AFFIRMED.