# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 15-20495
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

January 12, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SAMUEL JOSEPH JACKSON, also known as J.B.,

Defendant-Appellant

———————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CR-412-2

———————————

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:*

Samuel Joseph Jackson appeals the district court's denial of his
18 U.S.C. § 3582(c)(2) motion seeking a reduction of his 360-month sentence
for conspiring to possess with the intent to distribute phencyclidine (PCP).  He
renews his assertion that he was entitled to a two-level reduction under
retroactive Amendment 782, and he complains that his sentence should be

———————

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

lowered because he has never received consideration for the substantial assistance he has provided Government.

This court reviews the district court's decision whether to reduce a sentence under § 3582(c)(2) for abuse of discretion, its interpretation of the sentencing guidelines de novo, and its findings of fact for clear error. *United States v. Benitez*, 822 F.3d 807, 810-11 (5th Cir. 2016). "[A] defendant is not eligible for a reduction under § 3582(c)(2) if a qualifying amendment 'does not have the effect of lowering the defendant's applicable guideline range.'" *Id.* at 810 (quoting U.S.S.G. § 1B1.10(a)(2)(B)).

The 10.02 kilograms of actual PCP for which the district court held Jackson accountable trigger the highest base offense level of 38 under the drug quantity table as revised by Amendment 782. *See* U.S.S.G. § 2D1.1(c)(1) (9 kg or more of PCP (actual) trigger the highest base offense level of 38). Because Jackson's original base offense level of 38 remains unchanged, Amendment 782 does not have the effect of lowering his advisory guideline range. *See Benitez*, 822 F.3d at 810. The district court thus did not abuse its discretion in concluding that he was not eligible for any sentence modification. *See id.* at 810-11; *see also, e.g., United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011).

The district court was not authorized to reduce Jackson's sentence under § 3582(c)(2) based on substantial assistance or a request for leniency. *See* § 3582(c)(2) (allowing for sentencing modification only when based on a sentencing guidelines range that has been subsequently lowered). To the extent that Jackson seeks to challenge the district court's refusal to compel the Government to file a U.S.S.G. § 5K1.1 or FED. R. CRIM. P. 35 motion, he did not appeal that order, and the instant appeal from the denial of his § 3582(c)(2) motion is not the proper vehicle for him to do so.

No. 15-20495

The district court's judgment denying Jackson's § 3582(c)(2) motion for a sentence reduction is AFFIRMED.  Jackson's motion for the appointment of counsel is DENIED.