# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-41106
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 12, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN MANUEL ESPARZA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:08-CR-40-1

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Juan Manuel Esparza, federal prisoner # 67544-079, appeals the denial of a reduction under 18 U.S.C. § 3582(c)(2) of the 17-year prison sentence imposed for his guilty plea convictions of conspiring to possess with intent to distribute, and possessing with intent to distribute, more than five kilograms of cocaine. He argues that the district court erred by construing his pro se letter seeking appointment of counsel as a § 3582(c)(2) motion and denying him

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-41106

a reduction without written reasons and without considering the factors in 18 U.S.C. § 3553(a) or his post-sentencing rehabilitation and training.

We review the district court's interpretation of the guidelines and sentencing statutes de novo. *United States v. Carter*, 595 F.3d 575, 577 (5th Cir. 2010). Esparza was not eligible for a reduction because his sentence was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." § 3582(c)(2). Rather, the district court sentenced Esparza to 17 years of imprisonment based on his binding agreement under Federal Rule of Criminal Procedure 11(c)(1)(C). *See Freeman v. United States*, 564 U.S. 522, 534-40 (2011) (Sotomayor, J., concurring); *United States v. Benitez*, 822 F.3d 807, 809-12 (5th Cir. 2016). Therefore, we affirm the district court's denial of a sentence reduction. *See* 28 U.S.C. § 2111; *United States v. Gonzalez-Balderas*, 105 F.3d 981, 984 (5th Cir. 1997). To the extent that Esparza challenges the district court's denial of his request for appointment of counsel, a § 3582(c)(2) movant has no such right, *United States v. Whitebird*, 55 F.3d 1007, 1010-11 (5th Cir. 1995), and the interests of justice did not warrant a discretionary appointment given his statutory ineligibility for a sentence reduction.

AFFIRMED.