# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40778
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 24, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ASTRIT BEKTESHI, also known as Ermir Muhamet Gonxhi, also known as
Erimi Goxhaj, also known as Miri, also known as Billy,

Defendant-Appellant

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 4:09-CR-193-2

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

Astrit Bekteshi, federal prisoner # 41709-424, is serving a 135-month
prison sentence for conspiring to distribute or possess with the intent to
distribute cocaine, heroin, ecstasy, or marijuana. He appeals the district
court's denial of his motion for a sentence reduction under 18 U.S.C.
§ 3582(c)(2) based on Amendment 782 to the United States Sentencing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 16-40778

Guidelines, which lowered the base offense levels in the drug quantity table of U.S.S.G. § 2D1.1(c). Citing *Freeman v. United States*, 564 U.S. 522, 530 (2011), Bekteshi argues that the district court erred in finding him ineligible for a sentence reduction because he was sentenced pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement.

Section 3582(c)(2) grants a district court the discretion to modify a defendant's sentence if he "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." § 3582(c)(2). However, a defendant sentenced pursuant to a Rule 11(c)(1)(C) plea agreement may be eligible for a § 3582(c)(2) reduction only if "the agreement itself employs the particular Guideline sentencing range applicable to the charged offenses in establishing the term of imprisonment." *Freeman*, 564 U.S. at 540 (Sotomayor, J., concurring).

Bekteshi's plea agreement does not call for a sentence "within a particular Guidelines sentencing range;" provide "for a specific term of imprisonment—such as a number of months—but also make clear that the basis for the specified term is a Guidelines sentencing range applicable to the offense to which the defendant pleaded guilty;" or "explicitly employ a particular Guidelines sentencing range to establish the term of imprisonment." *Id.* at 538-40; *see United States v. Benitez*, 822 F.3d 807, 811 (5th Cir. 2016). Neither is there any indication that the district court based its sentencing decision on a guideline calculation. *See Benitez*, 822 F.3d at 811-12; *United States v. Williams*, 609 F.3d 368, 373 (5th Cir. 2010). Thus, Bekteshi's Rule 11(c)(1)(C) sentence was not based on a sentencing range that was lowered by Amendment 782, and the district court had no authority to reduce his sentence under § 3582(c)(2). *See Benitez,* 822 F.3d at 812.

No. 16-40778

Furthermore, contrary to Bekteshi's assertions, the district court was not required to provide factual findings or legal conclusions in connection with its denial of the § 3582(c)(2) motion, *see United States v. Evans*, 587 F.3d 667, 674 (5th Cir. 2009), or to consider Bekteshi's eligibility for a sentencing reduction below the amended guidelines range pursuant to U.S.S.G. § 1B1.10(b)(2)(B), *see Williams*, 609 F.3d at 373 & n.25 (considering the effect of that policy statement only after deeming the sentence to be based on the Sentencing Guidelines and thus eligible for a § 3582(c)(2) reduction). In light of the foregoing, the district court did not abuse its discretion in denying Bekteshi's § 3582(c)(2) motion. *See Benitez*, 822 F.3d at 811-12. The judgment of the district court is AFFIRMED.