# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50054
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**
April 11, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

STEVE MCGARY CARROLL,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:03-CR-275-4

Before JOLLY, DAVIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Steve McGary Carroll, federal prisoner # 25236-056, seeks leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for reduction of sentence based on Amendment 782 to the Sentencing Guidelines. By moving to proceed IFP, Carroll is challenging the district court's certification that his appeal was not taken in good faith. *See Baugh v. Taylor,* 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-50054

into a litigant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King,* 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

The Supreme Court has prescribed a two-step inquiry for a district court that is considering a § 3582(c)(2) motion. *Dillon v. United States,* 560 U.S. 817, 826 (2010). The court must first determine whether a prisoner is eligible for a reduction as set forth in U.S.S.G. § 1B1.10. *Id.* If he is eligible, then the district court must "consider any applicable [18 U.S.C.] § 3553(a) factors and determine whether, in its discretion," any reduction is warranted under the particular facts of the case. *Id.* at 827.

The district court properly concluded that Carroll was ineligible for a reduction because he was sentenced pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement, which stipulated a particular sentence without reference to the Guidelines. *See United States v. Benitez,* 822 F.3d 807, 811-12 (5th Cir. 2016). As Carroll was not sentenced under a Guideline lowered by Amendment 782, the district court did not abuse its discretion when it denied his motion.

Thus, Carroll has failed to show that he will raise a nonfrivolous issue on appeal. *See Howard,* 707 F.2d at 220. Accordingly, his IFP motion is DENIED. Because his appeal is frivolous, it is DISMISSED. 5TH CIR. R. 42.2.