# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10720
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 6, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ARNULFO DAVILA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:04-CR-194-1

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Arnulfo Davila, federal prisoner # 32490-177, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion. He contends that the district court erred in failing to consider the 18 U.S.C. § 3553(a) factors before denying his motion and in failing to consider the applicable guidelines range.

The district court sentenced Davila to 300 months of imprisonment based on his binding agreement under Federal Rule of Criminal Procedure

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-10720

11(c)(1)(C). Davila's plea agreement did not call for him to be sentenced within a particular guidelines range, nor did it indicate that the basis for the specified term was a guidelines range applicable to his offense. *See Freeman v. United States*, 564 U.S. 522, 534-40 (2011) (Sotomayor, J., concurring); *United States v. Benitez*, 822 F.3d 807, 809-12 (5th Cir. 2016). Additionally, the plea agreement did not explicitly employ a particular guidelines range to establish the term of imprisonment. *See Benitez*, 822 F.3d at 811. Thus, Davila was not eligible for a reduction because his sentence was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." § 3582(c)(2); *see Benitez*, 822 F.3d at 811-12. The district court's denial of a sentence reduction is, therefore, AFFIRMED. *See Benitez*, 822 F.3d at 809-12; *Dillon v. United States*, 560 U.S. 817, 826-27 (2010).