# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-51138
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 9, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SALVADOR ANTONIO DAMIAN LOPEZ, also known as Salvador Cruz Guillen, also known as Salvador Antoni Damian Lopez, also known as Don Chava, also known as Pappy, also known as Apa,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:03-CR-2338-3

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Salvador Antonio Damian Lopez appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion seeking a reduction of his 240-month sentence for conspiring to possess with the intent to distribute more than five kilograms of cocaine and more than 500 grams of methamphetamine. He renews his assertion that he was entitled to a two-level reduction under retroactive

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-51138

Amendment 782, asserts that the district court failed to provide written reasons for the denial, and complains that his sentence should be lowered because of his ill health and cooperation with the investigation.

This court reviews the district court's decision whether to reduce a sentence under § 3582(c)(2) for abuse of discretion, its interpretation of the sentencing guidelines de novo, and its findings of fact for clear error. *United States v. Benitez*, 822 F.3d 807, 810-11 (5th Cir. 2016). "[A] defendant is not eligible for a reduction under § 3582(c)(2) if a qualifying amendment 'does not have the effect of lowering the defendant's applicable guideline range.'" *Id.* at 810 (quoting U.S.S.G. § 1B1.10(a)(2)(B)).

The 45.36 kilograms of methamphetamine (actual), 36.01 kilograms of crystal methamphetamine or "Ice," and 35 kilograms of cocaine for which the district court held Damian Lopez accountable trigger the highest base offense level of 38 under the drug quantity table as revised by Amendment 782. *See* U.S.S.G. § 2D1.1(c)(1). Because Damian Lopez's base offense level of 38 remains unchanged, Amendment 782 does not have the effect of lowering his advisory guideline range. *See Benitez*, 822 F.3d at 810. The district court thus did not abuse its discretion in concluding that he was not eligible for any sentence modification. *See id.* at 810-11; *see also United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011).

Section 3582(c)(2) does not authorize the district court to reduce Damian Lopez's sentence under § 3582(c)(2) based on his assistance or a request for leniency. *See* § 3582(c)(2); *Dillon v. United States*, 560 U.S. 817, 825-27 (2010). Contrary to Damian Lopez's assertion, the district court issued a written reason for the denial of his motion.

The district court's judgment denying Damian Lopez's § 3582(c)(2) motion for a sentence reduction is AFFIRMED. Damian Lopez's motion for the appointment of counsel is DENIED.