# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50408
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 10, 2017

Lyle W. Cayce
Clerk

SEALED APPELLEE,

Plaintiff-Appellee

v.

SEALED APPELLANT,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:13-CR-302-1

Before BENAVIDES, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

The appellant challenges the denial of his 18 U.S.C. § 3582(c)(2) motion, urging that the district court erred in determining that he was ineligible for a sentencing reduction. He asserts that his sentence was tied to a guidelines range as his plea agreement stipulated only a maximum term, arrived at after the applicable guidelines range was calculated. He further contends that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court erred by failing to consider the 18 U.S.C. § 3553(a) factors before denying his motion.

As the district court determined, appellant was not eligible for a reduction because his sentence was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." § 3582(c)(2). Rather, the district court sentenced appellant to 120 months of imprisonment based on his binding agreement under Federal Rule of Criminal Procedure 11(c)(1)(C). *See Freeman v. United States*, 564 U.S. 522, 534-40 (2011) (Sotomayor, J., concurring); *United States v. Benitez*, 822 F.3d 807, 809-12 (5th Cir. 2016).[1] Therefore, we affirm the district court's denial of a sentence reduction. *See Freeman,* 564 U.S. at 534-40 (Sotomayor, J., concurring); *Benitez*, 822 F.3d at 809-12; *see also* 28 U.S.C. § 2111; *United States v. Gonzalez-Balderas*, 105 F.3d 981, 984 (5th Cir. 1997).

AFFIRMED.

---

[1] Recognizing that his claim is foreclosed by *Benitez,* appellant nevertheless raises to preserve for possible further review the argument that a § 3582(c)(2) sentence reduction is available to a defendant who pleaded guilty pursuant to a Rule 11(c)(1)(C) agreement in any case where the guidelines range was a relevant part of the analytic framework used by the district court to determine the sentence.