# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-50597
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 3, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JERRY URBINA, also known as "Jerry Boy",

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:13-CR-800-5

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Jerry Urbina, federal prisoner # 15373-380, is serving a 180-month prison sentence for conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), and 846. He appeals the district court's denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 782

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-50597

to the United States Sentencing Guidelines, which lowered the base offense levels in the drug quantity table of U.S.S.G. § 2D1.1(c).

In his sole issue on appeal, Urbina argues that the district court erred by determining that he was not eligible for a § 3582(c)(2) sentence reduction where the sentence was imposed pursuant to a binding plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C).  A sentence imposed pursuant to a Rule 11(c)(1)(C) plea agreement may be reduced under § 3582(c)(2) only if "the agreement itself employs the particular Guidelines sentencing range applicable to the charged offenses in establishing the term of imprisonment." *Freeman v. United States*, 564 U.S. 522, 540 (2011) (Sotomayor, J., concurring). That condition is not satisfied unless the plea agreement:

> (i) calls "for the defendant to be sentenced within a particular Guidelines sentencing range;" (ii) provides "for a specific term of imprisonment—such as a number of months—but also make[s] clear that the basis for the specified term is a Guidelines sentencing range applicable to the offense to which the defendant pleaded guilty;" or (iii) "explicitly employs a particular Guidelines sentencing range to establish the term of imprisonment."

*United States v. Benitez*, 822 F.3d 807, 811 (5th Cir. 2016) (quoting *Freeman*, 564 U.S. at 538-40 (Sotomayor, J., concurring)).  In this case, the 180-month sentence agreed to in the Rule 11(c)(1)(C) agreement was not expressly tied to the Guidelines.

Accordingly, the judgment of the district court is AFFIRMED.