# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-10474
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 25, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALDO SAENZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:06-CR-192-28

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

Aldo Saenz, federal prisoner # 37053-177, who stands convicted of conspiracy to possess with intent to distribute and distribute more than five kilograms of cocaine (Count One) and money laundering (Count Two), appeals the district court's denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) based upon Amendment 782 to the Sentencing Guidelines and the denial of his motion for reconsideration.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10474

While a district court's ultimate "decision whether to reduce a sentence is reviewed for abuse of discretion," a district court's determination that a defendant is ineligible for a sentence reduction is reviewed de novo. *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009). A district court's denial of a motion for reconsideration in a criminal matter is generally reviewed for abuse of discretion. *United States v. Rabhan*, 540 F.3d 344, 346-47 (5th Cir. 2008). "[A] defendant is not eligible for a reduction under § 3582(c)(2) if a qualifying amendment 'does not have the effect of lowering the defendant's applicable guidelines range.'" *United States v. Benitez*, 822 F.3d 807, 810 (5th Cir. 2016) (quoting U.S.S.G. § 1B1.10(a)(2)(B))

Saenz contends that he was eligible for a sentence reduction under Amendment 782. He argues that the district court should have used the 18 kilograms of cocaine set forth in the plea agreement rather than 590 kilograms of cocaine set forth in the presentence report (PSR) when determining his eligibility for the sentencing reduction. Saenz contends that his base offense level under the revised drug quantity table was 36 rather than 38.

For purposes of calculating the applicable guidelines sentencing range, a district court may determine drug quantities by a preponderance of the evidence provided that the calculation is based upon reliable evidence, such as the PSR. *See United States v. Koss*, 812 F.3d 460, 466 (5th Cir. 2016); *United States v. Alford*, 142 F.3d 825, 831-32 (5th Cir. 1998). Moreover, Saenz's argument that the district court erred in determining the quantity for purposes of calculating his base offense level is not cognizable in a § 3582(c)(2) proceeding. *See United States v. Hernandez*, 645 F.3d 709, 711-12 (5th Cir. 2011). Finally, the 590 kilograms of cocaine for which Saenz was responsible triggers the highest base offense level of 38 under the drug quantity table as revised by Amendment 782. *See* U.S.S.G. § 2D1.1(c)(1) (applying a base offense

No. 17-10474

level of 38 to quantities of cocaine of 450 kilograms or more).  Since Saenz's original base offense level was likewise 38, the application of Amendment 782 does not have the effect of lowering Saenz's advisory guidelines range.  *See Benitez*, 822 F.3d at 810.  Saenz therefore has failed to show that the district court erred by determining that he was not eligible for as sentence reduction. *See Doublin*, 572 F.3d at 237.

AFFIRMED.