# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30439
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 19, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TREMELL ARMSTEAD, also known as Mel Armstead,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before BENAVIDES, CLEMENT, and GRAVES, Circuit Judges.

FORTUNATO P. BENAVIDES, Circuit Judge:

Tremell Armstead ("Armstead") appealed the district court's denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the United States Sentencing Guidelines, which lowered the base offense levels in the drug quantity table of U.S.S.G. § 2D1.1(c). Relying on our precedent, this Court affirmed the district court's judgment. *United States v. Armstead,* 706 F. App'x 219 (5th Cir. 2017) (citing *United States v. Benitez,* 822 F.3d 807, 810 (5th Cir. 2016)). The Supreme Court

granted Armstead's petition for writ of certiorari and vacated our judgment and remanded the case to us for further consideration in light of *Hughes v. United States,* 138 S. Ct. 1765 (2018).

In *Benitez,* the defendant had entered into a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and the parties had stipulated that 63 months was an appropriate sentence.  822 F.3d at 809.  Relying on Justice Sotomayor's concurring opinion in *Freeman v. United States,* this Court noted that Benitez's plea agreement did not:  (1) provide for him to be sentenced within a particular guideline sentencing range; (2) provide for a specific term of imprisonment based on a guidelines sentencing range relevant to the subject offense; or (3) expressly use a particular guideline sentencing range to determine the sentence.  *Id.* at 812 (citing *Freeman,* 131 S. Ct. 2865, 2697-98 (2011) (Sotomayor, J., concurring)).  We held that because Benitez's sentence was not based on the quantity of drugs or the advisory guideline range, the district court had no authority to reduce the sentence under § 3582(c)(2).  *Id.*

In *Hughes,* the Supreme Court abrogated our holding in *Benitez.*  138 S. Ct. 1765.  The Supreme Court explained that a sentence imposed pursuant to a Rule 11(c) or "Type-C" plea agreement was typically based on the sentencing guideline range because the court must first evaluate the stipulated sentence in light of the defendant's sentencing guideline range.  *Id.* at 1775–76.  The Court held that a "sentence imposed pursuant to a Type–C agreement is 'based on' the defendant's Guidelines range so long as that range was part of the framework the district court relied on in imposing the sentence or accepting the agreement."  *Id.* at 1775.

In the case at bar, it is undisputed that Armstead entered into a "Type- C" agreement in which the parties agreed that the appropriate term of

imprisonment was 180 months. At the sentencing hearing, the district court referred to the applicable guideline range that had been calculated by the probation officer and noted that it was lower than the stipulated sentence of 180 months. We conclude that Armstead's sentence was "based on" his guideline range because it was part of the framework the court relied upon in imposing his sentence. Moreover, subsequent to Armstead's sentencing hearing, Amendment 782 had the effect of lowering Armstead's guideline range, rendering him eligible for a sentence reduction under § 3582(c)(2). However, we express no opinion as to whether the district court should exercise its discretion to reduce Armstead's sentence.

For the above reasons, we VACATE and REMAND for resentencing consistent with our opinion.