# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50288

United States Court of Appeals
Fifth Circuit

**FILED**

May 10, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DAVID MENDOZA,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:13-CR-1205-1

Before STEWART, Chief Judge, and HIGGINBOTHAM and COSTA, Circuit Judges.

PER CURIAM:*

Defendant-Appellant David Mendoza, federal prisoner #23811–380, appeals the district court's denial of his motion for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2). We affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-50288

## I. Facts & Procedural History

In 2013, Mendoza pleaded guilty without a plea agreement to conspiracy to produce counterfeit currency (Count One),[1] production of counterfeit currency (Count Two),[2] and possession with intent to distribute less than 50 grams of methamphetamine (Count Three).[3]

Using the 2013 Guidelines Manual, the Presentence Investigation Report ("PSR") grouped Counts One and Two together pursuant to U.S.S.G. § 3D1.2 and calculated an adjusted offense level of 17 as to those two counts.  On Count Three, Mendoza was accountable for the equivalent of 289.97 kilograms of marijuana, which resulted in a base offense level of 26.  U.S.S.G. § 2D1.1(c)(7).  After a two-level enhancement for possession of a dangerous weapon under Section 2D1.1(b)(1), Mendoza's adjusted offense level was 28.  Using the multiple-count adjustment set forth in U.S.S.G. § 3D1.4, the PSR then determined that the combined adjusted offense level was 28.  After taking into account a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1, Mendoza's total offense level was 25.  This total offense level, coupled with a criminal history category of I, resulted in a Guidelines range of 57 to 71 months of imprisonment for Counts Two and Three.  However, because the upper end of the Guidelines range exceeded the five-year statutory maximum for Count One, the applicable Guidelines range for Count One was limited to 57 to 60 months of imprisonment under U.S.S.G. § 5G1.1(c).

The district court imposed a within-Guidelines sentence of 60 months' imprisonment on each count, to be served concurrently, and three years of supervised release on each count, to be served concurrently.  Mendoza did not

---

[1] 18 U.S.C. §§ 371, 471.

[2] *Id.* § 471.

[3] 21 U.S.C. § 841(a)(1), (b)(1)(C).

2

appeal the district court's judgment or seek post-conviction relief pursuant to 28 U.S.C. § 2255.

*Motion to Reduce Sentence*

Following the enactment of Amendment 782, which modified the drug quantity table in U.S.S.G. § 2D1.1(c), the Federal Public Defender (FPD) and the Government filed an agreed motion under 18 U.S.C. § 3582(c)(2) to reduce Mendoza's sentence. The motion stated that Amendment 782 had reduced Mendoza's base offense level by two, which reduced his total offense level to 23 and his Guidelines range to 46 to 57 months' imprisonment.[4] The motion further noted that "Mendoza was sentenced to 60 months for three counts. Counts one and two were non-drug offenses, but the offense level used for all counts was calculated based on the Drug Quantity Table under U.S.S.G. § 2D1.1." Thus, the motion would apply to all three counts. The motion requested that the district court reduce Mendoza's sentence to 48 months' imprisonment, which represented a comparable sentence to the one imposed under the original Guidelines range.

The district court held a hearing on the Section 3582(c)(2) motion and stated that the amended Guidelines range would only apply to Count Three, the drug count, and not Counts One and Two, the counterfeiting counts, because they were not drug counts and, thus, "not before [the court] for reconsideration on sentencing." According to the district court, a reduction in Mendoza's sentence for the drug count would have no impact on his overall sentence because he would still be serving concurrent 60-month sentences for the counterfeiting counts. Both parties voiced their disagreement, reasoning that the amended Guidelines range applied to all three counts because the

---

[4] Amendments 782 and 788 retroactively lowered the base offense levels in Section 2D1.1(c) by two levels. *See* U.S.S.G., App. C, Amends. 782 & 788.

No. 16-50288

original Guidelines range for each of the three counts was calculated using the drug quantity table in § 2D1.1(c).

In response, the district court expressed its concern with the requested sentence reduction, noting the number of victims impacted by Mendoza's counterfeiting offenses and his uncounted criminal history for aggravated assault, burglary of a habitation, and driving while intoxicated. The district court then indicated that, even considering Counts One and Two (the counterfeiting counts) for reduction of sentence, it would be unlikely to grant the motion given Mendoza's "entire offense conduct." The court then solicited both parties to make a case as to why the motion should be granted as to all three counts. At that point, the FPD made several statements "to allocute," asking the district court to take into consideration that Mendoza had been doing well in prison, that he had been employed with Unicorps, and that his supervisor had written a letter of support on his behalf. The Government made no further statement. The district court then denied the motion "given all of the offense conduct."

This appeal ensued.[5]

## II. Discussion

Although generally reviewed for abuse of discretion, *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011), "[w]hen the issue has been properly preserved,[6] we review *de novo* a district court's authority to reduce a sentence pursuant to § 3582(c)(2)," *United States v. Jones*, 596 F.3d 273, 276

---

[5] Mendoza filed an untimely notice of appeal but the district court found that the untimely filing was due to excusable neglect. Thus, the notice of appeal was considered timely.

[6] Based on our review of the record, we assume without deciding, that Mendoza properly preserved the issue of whether the district court erred in denying his motion for a reduced sentence.

4

(5th Cir. 2010). The district court's interpretation of the application of the Sentencing Guidelines is reviewed de novo and its findings of fact are reviewed for clear error. *United States v. Benitez*, 822 F.3d 807, 810–11 (5th Cir. 2016).

On appeal, Mendoza argues that the district court erred in determining that he "was ineligible for a reduced sentence [] pursuant to 18 U.S.C. § 3582(c)(2)." We disagree.

Section 3582(c)(2) permits the discretionary modification of a defendant's sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o)," so long as the reduction is consistent with the applicable policy statements. *Id*.; *see United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009).

"The Supreme Court has prescribed a two-step inquiry for a district court that is considering a [Section] 3582(c)(2) motion." *Benitez*, 822 F.3d at 810 (citing *Dillon v. United States*, 560 U.S. 817, 826 (2010)). First, the district court must "determine whether the defendant is eligible for a sentence reduction under [Section] 1B1.10.[7]" *Id*. (citing *Dillon*, 560 U.S. at 826–27).

---

[7] U.S.S.G. § 1B1.10 provides:

> In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

No. 16-50288

"At step two of the inquiry, [Section] 3582(c)(2) instructs a court to consider any applicable [Section] 3553(a) factors and determine whether, in its discretion, the reduction authorized . . . is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827; *see also* 18 U.S.C. § 3553(a).[8]

Mendoza argues on appeal that "the district court erred at step one" by determining that he was ineligible for a sentence reduction on the two counterfeiting counts. We disagree.

The record reflects that the district court did initially express disagreement with Mendoza's position that the counterfeiting counts were up for reconsideration on the motion for a sentence reduction. After an exchange with the FPD and the Government with regard to the revised Guidelines range potentially applying to all three counts, the district court stated:

> The sentences on Count One and Two will not be changed because there is no retroactive application as to Counts One and Two. They're not drug counts – not drug cases. So I'm not – even though they're – those sentences were calculated with the units and all that kind of stuff, I'm not changing those 60-month sentences. Those are not before me.

These statements indicate that the district court was doubting Mendoza's eligibility for a sentence reduction. *Benitez*, 822 F.3d at 810 (citing *Dillon*, 560 U.S. at 826–27). However, the district court did not end its discussion there.

---

[8] Sentencing factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence to reflect the seriousness of the offense, deter criminal conduct, protect the public, and provide the defendant with correctional treatment; (3) the kinds of sentences available; (4) the kinds of sentences and sentencing range established for the applicable category of offense; (5) pertinent policy statements; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

No. 16-50288

Skeptical about Mendoza's eligibility for a sentence reduction, the district court nevertheless proceeded to step two. The district court reasoned:

> [Y]ou're talking about a lot of victims in this case due to the – to the counterfeit money.
>
> . . .
>
> So, I'm just saying, y'all are going to have a harder time convincing me that I should give him a sentence in the lower range like y'all are requesting . . . . Because now – then I'm considering all of the facts of the – the entire case. It wasn't just a drug case. And he had a lot of uncounted criminal history, folks. He had an aggravated assault, burglary of a habitation, driving while intoxicated. And the two uncounted I'm going to worry about. That would have weighed in my mind at the time of sentencing, I will tell y'all that.
>
> . . .
>
> [E]ven if I were to say that [the guidelines range for the two counterfeiting counts was] at 23/1, 46 to 57 months . . . when I start, then, considering the entire offense conduct . . . even with the retroactive application to all of them, yeah, good luck trying to get me to grant that one.

These statements reflect that the district court had moved past step one of the *Dillion* inquiry and now, under step two, was considering the sentencing factors and the totality of Mendoza's offense conduct, to reach a conclusion as to whether, in its discretion, the reduction was warranted. *Dillon*, 560 U.S. at 827 ("At step two of the inquiry, [Section] 3582(c)(2) instructs a court to consider any applicable [Section] 3553(a) factors and determine whether, in its discretion, the reduction authorized . . . is warranted in whole or in part under the particular circumstances of the case."). Accordingly, the record evidence reveals that the district court engaged in a sound analysis under *Dillon*, and properly exercised its discretion to deny the Section 3582(c)(2) motion "given all of the offense conduct." *Id*.

No. 16-50288

For these reasons, we hold that the district court did not err in denying Mendoza's Section 3582(c)(2) motion for a reduction of sentence. *See Benitez*, 822 F.3d at 810–11.

### III. Conclusion

The district court's judgment is affirmed.